TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Miriam and Mario Magana

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miriam and Mario Magana,<br><br>Plaintiffs,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Miriam and Mario Magana (hereafter "Plaintiffs"), by undersigned counsel, bring the following complaint against Midland Credit Management, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs are adult individuals residing in Baldwin Park, California, and each is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Each Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. The alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. On or about March 15, 2021, Defendant called Mario in an attempt to collect the Debt allegedly owed by Miriam.

13. Defendant falsely threatened to garnish Mario's wages if the Debt was not paid immediately.

14. Defendant has neither sued Plaintiffs nor obtained a judgment against Plaintiffs; therefore, Defendant had no ability or legal authority to garnish Mario's wages when it threatened to do so.

15. Defendant's conduct caused Plaintiffs a significant amount of stress, confusion, and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

16. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

18. Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

19. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff Mario's wages, in violation of 15 U.S.C. § 1692e(4).

23. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

24. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiffs have been harmed and are entitled to damages as a result of Defendant's violations.

## COUNT II

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.***

27. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

28. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

29. Defendant threatened to garish Plaintiff Mario's wages if the alleged consumer debt was not paid, when it had no intent or lawful means to do so, in violation of Cal. Civ. Code § 1788.10(e).

30. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

31. Plaintiffs were harmed and are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 28, 2021                              TRINETTE G. KENT

By:  /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs,
Miriam and Mario Magana

COMPLAINT FOR DAMAGES